# UNITED STATES DISTRICT COURT

## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| Gary Rhines | : |  |
| Plaintiff | : | Civil No. 3:18cv1643 |
| v. | : | Honorable |
| Dr. Ball, sued in their individual capacities, and Warden Beth Zalno (PA), Dr. Cullen, M.D. Carvajal, Regional Director, Ian Connors, Admin. National Inmates appeal, Health Service Administrator Mr. Parkin, FCI Allenwood, sued in their official capacities. JOHN DOE AND JANE DOE ET.AL. Defendant(s) | : : : : : : | Jury Trial Demand |

**FILED
SCRANTON**

AUG 2 0 2018

PER _____
DEPUTY CLERK

## INTRODUCTION

This is a Civil Rights action filed by Gary Rhines, pro se, a federal prisoner at FCI Allenwood, for damages and injunctive relief under 28 U.S.C. §1331, alleging denial of medical care in violation of the Eight Amendment to the United States Constitution and Federal Tort claim under 28 U.S.C. §1346(b) alleging medical staff acted neglegently to serious medical needs.

## JURISDICTION

1. The court has jurisdiction over the plaintiff's claims of violation of federal constitutional rights under 28 U.S.C. §1331 and

28 U.S.C. §1346(b).

2. The plaintiff, Gary Rhines was incarcerated at FCI Allenwood, P.O. Box 2000, White Deer, PA 17887 during events described in this complaint.

3. Defendants, Dr. David Ball, contractor is being sued in their individual capacity.

4. Defendant, MD Carvajal, regional Director is being sued in their individual and official capacities in charge of Regional Appeals.

5. Defendant, Ian Connors, Administrator National Inmate Appeals is being sued in their individual and official capacities.

6. Defendant Dr. Cullen is being sued in their individual and official capacities, he is (FCI Allenwood) in house doctor.

7. Defendant, Beth Zalna PA, is being sued in their individual and official capacities.

8. Defendant, Mr. Parkin, Health Services Administrator, is overseer of all PA's in health services is being sued in their individual and official capacities.

9. Defendant, Former Warden, Captain S. Spaulding was in charge of all administrative remedys is being sued in their individual and official capacities.

<u>FACTS</u>

Plaintiff Gary Rhines has been complaining of back pains and shoulder problems on or about for two years. My back pains are worse than the shoulder, so I stopped complaining of the shoulder problems and kept reporting the more serious problem which is the plaintiff's back. The plaintiff like to state for the record that the defendant

has given the plaintiff medical treatment. The plaintiff has followed
all the requirements set out by his PA, Physical Therapist, Orthopedic
surgeon, Warden Captain S. Spaulding, Ian Connors, Administrator
National Inmate Appeals and M.D. Carvajal, regional Director, in
accordance with program statement 6031.04, Patient Care. The plaintiff's
issue is after completing all the requirements by the above medical
professionals, the plaintiff went back to sick-call explaining that
the medicine does not stop the pain, physical therapy does not stop
the pain, exersises for the back does not work, I explained to my PA
Beth Zalno, physical therapist, orthopedic surgeon, Warden Capt.
S. Spaulding, Ian Connors, M.D. Carvajal, HSA MR. Parkin, Dr. Cullen
that all the treatment has failed and I requested an MRI to determine
what is causing the pain. Plaintiff has been denied at all levels
for MRI, and now everytime I report to sick-call PA Zalno says her
hands are tied and she can't do anything for me, that she did all
she could do and that I was denied an MRI for clinical reasons. PA
Zalno also had a follow up with in-house Dr. Cullen and she state if
Dr. Cullen thought that I needed an MRI on my back he would of requested
an MRI. Plaintiff had his yearly follow up with in house Dr. Cullen
and plaintiff complained of his back issue and requested of Dr. Cullen
that he needed an MRI. Plaintiff brought to the doctor's attention
that an MRI was denied at all levels when requested. Question? How
does the plaintiff receive an MRI when he followed all the requirements
rules and Policy under Patient  Care Act, and followed all rules
by the parties named in this Civil Complaint? Plaintiff likes to
state that all the medicine, exersises, loss of weight, therapy, etc.

has not changed the condition of his back pains, and plaintiff is being denied further treatment to determine what is causing the pain. The plaintiff has followed all the rules and requirements as ordered. Plaintiff also was fasting the month of Ramadan for about 29 days and lossed about 15 to 20 pounds. Plaintiff still has the pains. Ramadan was from June 14, 2018 to July 12, 2018.

Medical Dept. is continuing to make plaintiff receive and do treatment that is not solving his back pain.

## M E D I C A L   T I M E   L I N E

(1)   On July 29, 2016, I reported to Sick Call and complained of neck and back pains. I was submitted to see an orthopedic surgeon.

(2)   On August 23, 2016, I was seen by orthopedic surgeon and I and I stressed my back and neck problems. I was given pain medication and the doctor wrote his report for me to follow.

(3)   On September 16, 2016, I requested for an MRI about my shoulders, neck and back where I complained about pain in these areas.

(4)   On December 22, 2016 I reported to Sick Call and complained about pain in the neck, shoulders and back.

(5)   On January 5, 2017 I complained to PA Zalno about neck, back and shoulder pains.

(6)   On January 9, 2017 I reported my neck, back and shoulder pains to AHSA in the Dining Hall.

(7)   On January 23, 2017  PA visit, I reported neck, shoulders and and back pains.

(8)   On March 29, 2017 I reported to Sick Call and complained about neck, back and shoulder pains.

(9)   On April 18, 2017 I went to see orthopedic surgeon and complained neck, back and shoulder pains.

(10)  On May 1, 2017 I reported to  Sick Call and complained of neck, back and shoulder pains.

(11)  On July 10, 2017 I reported to Sick Call and complained of back pains.

(12)  On September 28, 2017 I complained about back problems and pain on the same day. A specialty procedure was submitted for an MRI by Beth Zalno (PA). It was disapproved on 10/5/17.

(13) On October 17, 2017 I receieved a visit from the therapist and received exercises on paper to carry out.

(14) I saw the therapist on November 8, 2017 and an MRI was ordered for back pains.

(15) On December 12, 2017 I report to Sick Call and request MRI for back pains.

(16) On December 15, 2017 I report to Sick Call and complain of back pains.

(17) On January 25, 2018 I sign up for Sick Call and report about my back pains.

(18) On March 1, 2018 I sign up for Sick Call and complain of back pains.

(19) On March 6, 2018 I was seen by in house doctor and I complained of back issues and asked him can he check why my MRI was denied. He said he will look into it. I have never heard anything from him on this matter till this day.

(20) On 6-24-18 around 12pm, to 12:20pm, a chair in edcucation Dept. broke while I was sitting on it and I fell and hurt my back. School teacher Mr. McMullen sent plaintiff to medical and the pharmasicist                 , gave plaintiff streching excersises. I asked him should I see the PA, he said no its just some tightnes from falling. Also, teacher McMullen was a witness to my fall.

(21) Report to sick-call on 7-20-18, seen by PA Zalno, plaintiff requested an MRI, Ms. Zalno stated she is not putting in another request for MRI and she had a follow up meeting with in-house Dr. Cullen and he stated to her he does not see that plaintiff needs an MRI.

## DENIAL OF DUE PROCESS

1. On 10-10-18 plaintiff submitted informal resolution request about back pains and requested MRI on 10-11-18. Counselor Segraves returned with the response from my BP-8 and my MRI was denied. Also the recommendations from Dr. Ball's was for MRI so that he can if I need a spinal doctor.

2. On 10-12-18 plaintiff submitted administration remedy about back pains and requested an MRI on 10-20-17. Captain S. Spaulding former Warden agreed with the finding and answeres from BP-8 and denied my BP-9.

3. On 1026-17 plaintiff submitted to Regional Administrative remedy appeal, plaintiff complained and requested an MRI so there can be a determination as to where the pain in his back. On December 6, 2017 Regional Director  M.D. Carvajal denied appeal.

4. On 12-15-2017 plaintiff submitted to Central Office an Administrative remedy appeal, requesting an MRI for his back. On 2-2-18 Ian Connors, Administrative National Inmate appeals, denied the request. Above, plaintiff excersised all administrative procedures.

## DENIAL OF MEDICAL CARE

Plaintiff likes to make clear that Medical has treated plaintiff once the plaintiff followed all the requirements, and orders of medical staff and personel named in this Civil matter. Plaintiff made it clear on mane dates and times when he reported to sick-call to his PA, orthopedic surgeon, AHSA Parkin, therapist and to all

parties at the Administrative remedy levels, BP-8, BP-9, BP-10, and BP-11, that the treatment is not working. On September 28, 2017 I complained about back problems and pain on the same day, a specialty procedurte was submitted for an MRI bt Beth Zalno (PA). It was disapproved on 10-5-17. On 7-20-18 I reported to sick call requesting of PA Zalono to re-submitt the specialty procedure for an MRI. She said she will not and her hands are tied and she did all she could do on her level. Medical Dept. is continuing to make plaintiff receive and do treatment that is not solving his back pain.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

The plaintiff has exhausted his administrative remedies with respect to all claims and all defendants, by filing BP-8, BP-9, BP-10, BP-11.

## CLAIMS FOR RELIEF

The action of all defendants in this civil mater who denied plaintiff MRI after he brought to their attention that the current treatment is not working, constitutes deliberate indifference to plaintiff serious medical needs in violation of the Eighth Amendment to the United States Constitution and defendants were negligent for intentional actions of prison offciials; injuries caused by unintentional (negligent)actions or omissions by prison official. Staff actions also violate 28 U.S.C. §1346(b)

## RELIEF REQUESTED

WHEREFORE, plaintiff requests that the court grant the following relief:

A. Issue a declaratory judgement stating that:

1. The delay or denial of plaintiff's medical care by defendnts Beth Zalno, Thomas Cullen, Dr. Ball, AHSA Parkin, Ian Connors, M.D. Carvajal, Capt. S. Spaulding, violatyed the plaintiff's rights under the Eighth Amendment to the United States Constitution and negligence under FTCA.

2. Defendant's Cullen, Ball, Ian Connors, Carvajal, Spaulding failure to take action to curb the physical pain or denial or delay of medical care of a prisoner violated the plaintiff's rights under the Eighth Amendment to the United States Constitution and constituted negligence under FTCA.

3. Defendants Spaulding, M.D. Carvajal, Connors, denial of plaintiff's administrative remedies violated the plaintiff's rights under the Due Process clause of the Fourteenth Amendment to the United States Constitution.

4. Defendants Cullen, Ball, Ian Connors, Carvajal, Spaulding, Zalno, Parkins. actions in failing to provide adequate medical care for the plaintiff violated and continues to violate the plaintiff's rights under the Eighth Amendment to the United States Constitution.

B. Issue an injunction ardering defendants Cullen, Ball, Connors, Carvajal, Warden , Zalno, or their agents to :

1. Immediately arrange for the plaintiff to recieve an MRI on his back by a qualified physician.

2. Immediately arrange for the plaintiff's need for a back specialist, order a follow up medical treatment to be evaluated by medical practitioner with expertise in the treatment and restoration and function of back pains. and;

3. Carry out without delay the treatment directed by such medical practitioners.

C. Issues an injuction ordering defendants named in civil complaint to:

1. Order defendants to order Post surgery MRI for plaintiff if plaintiff ever recieves surgery on his back.

D. Award compensatory damages in the following amounts:

1. $100,000 jointly and severally against defendants Cullen, Dr. Ball, Zalno, Parkin for the physical and emotional injuries sustained as a result of the plaintiff's delay and denial of adequate medical care.

2. $10,000 jointly and severally against defendants Spaulding, M.D. Carvajal. Connors for the punishment. including deprivation of liberty and amenity, and emotional injury resulting from their denial of duer process in connection with the plaintiff's administrative remedies proceedings.

3. $50,000 jointly and severally against defendants Zalno, Dr. Ball, Dr. Cullen, Parkin for the physical and emotional injury resulting from their failure to provide adrquate medical care to the plaintiff.

E. Award punitive damages in the following amounts:

1. $20.000 each against defendants, Dr. Cullen, Dr. Ball, Zalno, Parkin.

2. $30.000 each against defendants Spaulding. M.D. Carvajal, Connors.

F. Grant such other relief as it may appear that the plaintiff is entitled. *See   Administrative Remedies  Attached*

Date:  8/15/18

Respectfully Submitted,

*Gary Rhines*

Gary Rhines #10496-067
Pro se Litigant
FCI Allenwood
P.O. Box 2000
White Deer, PA 17887

# CERTIFICATE OF SERVICE

I, ___Gary Rhines_____, hereby certify that I have served a true
and correct copy of the foregoing:    Bivens Action
                                      Federal Tort Claim under 28 U.S.C. §1346(b)

Which is deemed filed at the time it was delivered to prison authorities for forwarding to
the court, Houston vs. Lack, 101 L.Ed.2d 245 (1988), upon the court and parties to
litigation and/or his/her attorney(s) of record, by placing same in a sealed, postage
prepaid envelope addressed to:

    Federal Court Building
    235 N. Washington ave.
      Scranton Pa. 18501

and deposited same in the United States Postal Mail at the United States Penitentiary,

Signed on this ___15___ day of ___August___, 2018

                    Respectfully Submitted,

                    _Gary Rhines_

                    REG. NO. _10496-067_

**Federal Correctional Institution**
**Allenwood, Pennsylvania**

<u>ADMINISTRATIVE REMEDY PROCEDURE FOR INMATES</u>
<u>INFORMAL RESOLUTION FORM</u>

<u>NOTE TO INMATE</u>:   You are advised that prior to receiving and filing a Request for Administrative Remedy Form BP-9 [BP-229(13)], you must ordinarily attempt to informally resolve your complaint through your Correctional Counselor.   Briefly state <u>ONE</u> complaint below and list what efforts you have made to resolve your complaint informally and state the names of staff contacted.

Issued By:  _T.S._   (Initials of Correctional Counselor)
Date Issued To the Inmate:  _10-10-17_

<u>INMATE'S COMMENTS</u>:
Complaint: I been complaning of back pain and problems on or bout Two years. I been to sick I been on all sports restriction, I been placed on pain medicine. Therapy exercises for the back has been giving to me. I been submitted by PA Zaim. for MRI and UDC committee at this prison Denied my MRI. Dr Ball about 3 or 4 weeks ago requested and MRT so he can forward Be infor-mation to spinal specialist the PA will not submitt it. Delay getting me And MRI is a Delay in treat-ment

2.   Efforts you have made to resolve:  I been to sick call on 9/28/17 or 9/29/17

3.   Names of staff you contacted:  PA Zaim / And nurse Bloom

Date Returned to Correctional Counselor:  10-10-17

_Gary Rhine_        10496-067   10/10/72
Inmate's Signature        Reg. Number    Date

<u>CORRECTIONAL COUNSELOR'S COMMENTS</u>:

1.   Efforts made to informally resolve and staff contacted:

Date BP-9 Issued:  _____

Correctional Counselor
Unit Manager (Date)

<u>Distribution</u>:   If complaint is <u>NOT</u> informally resolved - Forward original attached to BP-9 Form to the Executive Assistant.

Rhines,Gary
Reg. No. 10496-067
Page 1

### ADMINISTRATIVE REMEDY PROCEDURE FOR INMATES

### INFORMAL RESOLUTION RESPONSE

**This is in response to your Informal Resolution.**

Per your Physician Assistan (PA)t, your EMG test was denied given you have not taken the basic steps of weight loss to address your back pain concerns. Additionally, your x-ray of your lumbar spine after you raised concerns of having back pain for over two years was completed on January 11, 2017, which resulted in typical findings for a 44 year old aged male. This report along with Dr. Ball's recommendations were reviewed by your PA and the physician and there is insufficient medical support to pursue an MRI at this time.

MRI tests require a high threshold of medical justification in order to be approved at the regional level. Simply put, you do not have that medical justification at this time. You are encourage to discuss a weight loss program with your PA and we can re-evaluate this decision after the weight loss occurs.


T. Segraves, Counselor

11-11-17
Date

11-12-1
1.

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: RHINES   GARY          10496-067      2A        FCI ALLENWOOD
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.        UNIT         INSTITUTION

**Part A– INMATE REQUEST** This is an appeal from BP. 8 on 10-11-17. Reason For appeal is Inmate Rhines is request a MRI For back pain I been complaining of this problem 2X years. The Medical is false reporting on my Weight Issues on 5/29/16 I was 257 lbs, 4/18/16 260 lbs, on 1/5/17 272 lbs, on 1/23/17 273, on 7/10/17 258 lbs, on 9/15/17 260 lbs, on 9/28/17 264. I have addressed the weight Issues on 1/23/17 I was 273, then I drop to 258 by 7/10/17 keep in mind I been on medical Restriction so my weight is going to go up and Down. My weight at 264 because of Dieting. Medical is Denying me further treatment to Determine where the pain is coming from on my back. Request a MRI on my back   10/12/17 Request a MRI is my resolution                    Gary Rhines
     DATE      To Determine where the pain is coming     SIGNATURE OF REQUESTER

**Part B– RESPONSE**

See attached

Rec'd 10/13/17 SE
        DATE                                        WARDEN OR REGIONAL DIRECTOR
*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*
SECOND COPY: RETURN TO INMATE                     CASE NUMBER: 918250-F1
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
                                                   CASE NUMBER: _____

**Part C– RECEIPT**
Return to: _____
          LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.       UNIT      INSTITUTION
SUBJECT: _____

_____        _____
    DATE                          RECIPIENT'S SIGNATURE (STAFF MEMBER)      BP-229(13)
                                                                            APRIL 1982

Rhines, Gary
Reg. No. 10496-067
Appeal No. 918256-F1

---

**Part B - Response**

---

This is in response to your request for administrative remedy
received October 13, 2017, wherein you allege medical is denying you
further treatment.  As relief, you request to be provided with an
MRI to further investigate a cause for your lower back pain.

A thorough review of your medical file was completed on
October 17, 2017.  Per your Physician Assistant (PA), your EMG test
was denied given you have not taken the basic steps of weight loss
to address your back pain concerns.  Additionally, the x-ray of your
lumbar spine was completed on January 11, 2017, which resulted in
typical findings for a 44-year old male.  Your PA and the physician
reviewed this report, along with the orthopedic surgeon's
recommendations, and there is insufficient medical support to pursue
an MRI at this time.

MRI tests require a high threshold of medical justification in order
to be approved at the regional level.  You do not have that medical
justification at this time.  You are encouraged to discuss a weight
loss program with your PA.  We can re-evaluate this decision after
the weight loss occurs.  Although you may have lost some weight, it
has been very sporadic with ups and downs.

Accordingly, this response to your request for administrative remedy
is for informational purposes only. If you are not satisfied with
this response, you may appeal to the Regional Director within 20
calendar days of this response.

CAPT S. Spaulding, Warden                    Date   10/20/17

1-2-25
10-18

U.S. Department of Justice

**Regional Administrative Remedy Appeal**

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: RHines    GARY                10496-067        24        Allenwood FCI
         LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.        UNIT         INSTITUTION

Part A - REASON FOR APPEAL — This if my if A Medical records was reviewd I should been grated
Medical care MRI This is an Appeal from BP-9. The Denial
of my Medical Issue has not been investigated. I request an
MRI because I been having back pains for two years I listed
different Dates my weight was taken on my BP-9 I was
on 1/23/17  273 Ibs on 7/10/17 I drop my weight to 258
Ibs so I loss 15 pounds up to date my weight is in between
258 Iss to 262 Iss because of Medical Restriction. I been
having pain on my back when my weight been up or down, I request
an MRI to determine where the pain is coming from.
10/26/17 I Should not be denied treatment                    Gary Rhines
      DATE    because of Medical budget Issues     SIGNATURE OF REQUESTER

**Part B - RESPONSE**

**Received**
**DEC 1 1 2017**
FCI Allenwood
Associate Warden's Office

_____                    _____
         DATE                                    REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.
ORIGINAL: RETURN TO INMATE                   CASE NUMBER: 9182562R

**Part C - RECEIPT**
                                             CASE NUMBER: _____

Return to: _____
              LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.        UNIT         INSTITUTION

SUBJECT: _____

_____                    _____
         DATE                              SIGNATURE. RECIPIENT OF REGIONAL APPEAL

                                                                  BP-230(13)

RHINES, Gary
Reg. No. 10496-067
Appeal No. 918256-R1
Page One

---

### Part B - Response

You appeal the response of the Warden at FCI Allenwood and contend you are not receiving appropriate medical treatment for chronic back pain. You claim you have lost weight as recommended, but you are still having pain. You request a Magnetic Resonance Imaging (MRI) scan to diagnose your condition.

A review of your appeal reveals the Warden adequately addressed your concerns in his response. According to your Bureau Electronic Medical Record (BEMR), you were evaluated by an Orthopedic surgeon on August 23, 2017. Your lumbar x-rays were reviewed, which revealed negative findings, and your physical examination revealed tenderness on your right side. An electromyography (EMG) and MRI scan were recommended; however, they were subsequently denied. Based on your medical assessments and Body Mass Index (BMI), conservative measures were recommended, including physical therapy and weight loss. On October 17, 2017, and November 8, 2017, you were evaluated by the Physical Therapist for chronic back pain. Therapy was unsuccessful, and an MRI scan was submitted for further evaluation. Your consultation is currently pending approval. You will be notified once a decision has been made. According to your medical record, you are being evaluated and treated in accordance with Program Statement 6031.04, Patient Care. Accordingly, your appeal is denied.

If you are dissatisfied with this response, you may appeal to the General Counsel, Federal Bureau of Prisons. Your appeal must be received in the Administrative Remedy Section, Office of General Counsel, Federal Bureau of Prisons, 320 First Street, N.W., Washington, D.C. 20534, within 30 calendar days of the date of this response.

Date: December 6, 2017

M.D. CARVAJAL
Regional Director

Received
DEC 1 1 2017
FCI Allenwood
Associate Warden's Office

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball–point pen. If attachments are needed, submit four copies. One copy each of the completed BP–DIR–9 and BP–DIR–10, including any attachments must be submitted with this appeal.

From: RHines GARY                    10496-067          ZA        FCI ALLenwood
      LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.     UNIT     INSTITUTION

**Part A—REASON FOR APPEAL** This is an Appeal from BP-10 on Dec 11, 2017
Reason for this appeal is I was counsel by my P-A, Physical Therapi
ORthopedic surgeon all Treatment was unsuccessful, My consulte
for MRI was Denied on 12/7/17. I continue to suffer fro
back Pain. After following all this rules under Program Statement
6031.04, patient care rules I'm still having back Pains. The
only thing now that can help determend the pain is a MRI,
Request for the centeral office to approved a MRI, so it can help
determend why I'm having back pains.

__12-15-2017__              _Gary Rhinz_
    DATE                         SIGNATURE OF REQUESTER

**Part B—RESPONSE**

**RECEIVED**

DEC 26 2017

Administrative Remedy Section
Federal Bureau of Prisons

_____           GENERAL COUNSEL
     DATE

ORIGINAL: RETURN TO INMATE      CASE NUMBER: _918256·A1_

**Part C—RECEIPT**
                              CASE NUMBER: _____

Return to: _____
       LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

SUBJECT: _____

_____                                             BP–231(13)
     DATE            SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL    APRIL 1982
USP LVN

Administrative Remedy No. 918256-A1
Part B - Response

This is in response to your Central Office Administrative Remedy
Appeal wherein you allege all treatment regimens have been
unsuccessful, yet you still were denied a consult for an MRI.
You contend you continue to suffer from back pain after
completing all the recommendations made by the guidelines of
Program Statement 6031.04, Patient Care. For relief, you
request an MRI to determine the cause of the pain.

We have reviewed documentation relevant to your appeal and,
based on our findings, concur with the manner in which the
Warden and Regional Director responded to your concerns at the
time of your Request for Administrative Remedy and subsequent
appeal. Our succeeding review reveals the consult submitted for
an MRI was disapproved with recommendations to continue
symptomatic treatment. Therefore, at this time, your clinician
has found insufficient diagnostic data to make a clinical
determination of the need for a MRI.

You should be aware Program Statement 6031.04, provides that the
Clinical Director is under no obligation to follow consultant
recommendations. If a specific intervention is not pursued,
Health Services staff will provide continual monitoring and on-
going treatment for your condition as necessary. If you are
having issues, you need to request sick call for your
complaints. Your primary care team will continue to make
recommendations as needed. As recommendations are made, a
course of treatment will be determined. Given this, we shall
defer diagnostic testing and treatment interventions to the
Health Services staff at the local level.

Based on this information, there is no evidence to substantiate
your claim of being denied appropriate medical care.

The record reflects you have received medical care and treatment
in accordance with evidence based standard of care and within
the scope of services of the Federal Bureau of Prisons. You are
encouraged to comply with proposed medical treatment so Health
Services can continue to provide essential care and to contact
medical personnel through routine sick call procedures should
your condition change.

Considering the foregoing, your appeal is denied.

7 12 18
_____
Date

_____
Ian Connors, Administrator
National Inmate Appeals

